Nash, J.
It is contended by the defendant in error that Thompson, who solicited from Mrs. Krumm’s agent the application of insurance, who wrote up the application, who fixed the amount of the premium and who extended the time.of its payment for sixty days, was not the agent of the *229 Jefferson Eire Insurance Company and acted without its authority. Towson was its acknowledged agent, and from the facts it appears that he was fully authorized to receive proposals for insurance, to fix rates of premium, to receive .moneys, to countersign, issue, renew and consent to the transfer of policies of insurance, signed by the president of the company and attested by the secretary. In the business of issuing policies of insurance against loss by fire, this company delegated to Towson all the powers possessed by it, to be exercised in Lancaster and its vicinity. The extent of the territoiy in which Towson was to exercise his powers, is evident from what was done by him during the two years and eight months he acted as agent of the company, prior to the happening of the things complained of by the plaintiff in error. During all this time, with the knowledge of the officers of the company, he had received applications for insurance upon property situated in Fairfield, Perry and Licking counties, and issued the policies of the company thereon. By the acquiescence of the company and its officers in the acts of Towson, he was authorized to act as their agent in the three counties named.
It is evident that in this large extent of territory, Towson could not secure for the company its fair proportion of the business of insurance without the aid of solicitors or sub-agents. The interests of the large business committed to his care, required the assistance of sub-agents. He did not exceed his authority in appointing a sub-agent in each of the counties of Fairfield, Licking and Perry to solicit applications for insurance in the Jefferson Fire Insurance Company, to fix the rates of premium, to receive the premiums and to forward the applications to him at Lancaster. Such appointees would be the agents of the company even if its officers had no actual knowledge of their appointment. The officers of this company must have possessed extraordinary obtuseness if they did not know, long before Mrs. Krumm made application for the insurance of her household goods, just how its business was conducted by Towson. His daily reports made for two years and a half, and the *230 visits of the secretary and two general agents to his office, must have given the officers of this company full information as to how their business was conducted.
The rules laid down by the Supreme court in the case of Palm, Adm., v. The Medina Co. Fire Insurance Company, 20 Ohio, 529, are applicable to and control in this ease. Towson possessed the same powers in regard to applications and in regard to issuing policies upon them as were reserved to the home office of the Medina County Fire Insurance Company. Thompson, the sub-agent in Perry county, was clothed with about the same authority as the Medina company gave to its agent, McConnell. In that case it was held that upon an application for insurance made to the agent and by the agent forwarded to the home office the company was liable, although the loss occurred before the arrival of the letter containing the application.
The fact that the premium was not paid by Krumm at the time the application was made, is urged as a reason why the claim of the plaintiff in error is not established. Thompson gave her a credit of sixty days, and at the proper time she tendered to the agents of the company the amount of the premium, and has ever since kept the tender good. On previous insurance effected in this companjr by Mrs. Krumm, the agents of the company had given the same time in which to pay the premium ; she had no notice that the company disapproved such action,and it seems to have been the custom of the agents to grant this extension to their customers. The company is now estopped from setting up the non-payment of the premium as a defense.
It is said that a rule of the company provided that no more than $1,500 of insurance could be placed upon goods situated in one building, and that the amount of the risk named in this application, when placed with that of the previous policy issued to Mrs. Krumm, would make the total risk upon the goods in one building $1,600. This was a rule'made by the company for the government of its officers and agents, but it was not made known to Mrs. *231 Krunam. It does not excuse the company from liability under the circumstances of this case.

Judgment of district court reversed.